## DAVID CARRICK & COMPANY vs. ALVAN R. MORRISON.

New Castle County, November Term, 1895.

**Contract. Guaranty. Sunday.**—A guaranty executed on Sunday is void.

**Practice. Non-Suit.**—A plaintiff, when called before taking a verdict, may refuse to answer and allow non-suit to be entered.

Action on a guarantee. Samuel B. Bendler who was about to engage in employment under David Carrick & Company took a blank agreement or contract for said employment on a Sunday to Alvan R. Morrison, at his residence in the city of Wilmington, at the foot of which was a guarantee in the following language: " I

Argument.

-do hereby become responsible to              ·        for the faithful per-
formance of the covenants or agreements in the above contract,
·covenanted to be done and performed by the said Samuel B. Bend-
ler ; and in case of any default on the part of the said Samuel B.
Bendler, I hereby, as original surety, covenant, promise and agree
to make good to David Carrick & Company any loss or damage
they may suffer in consequence of any such default, recourse being.
first had to said Samuel B. Bendler."

This agreement Morrison signed on Sunday. Some time in
the week following the agreement was filled out and signed in
Philadelphia by David Carrick Company and Samuel B. Bendler.
Morrison had no notice that the blank contract had been filled up
and executed until after Bendler had failed to account.

*P. L. Cooper, Jr.*, for the defendant, contended that the guar-
antee was executed on a Sunday and was therefore void, and asked
the Court to instruct the jury to find a verdict for the defendant.

*Ward*, for the plaintiff, contended that although the contract
of guarantee was made on a Sunday, if not delivered until a week
day it was good and binding in law; Baylies, Sureties and Guar-
antors 97 ; Brandt, Suretyship 25 ; *Commonwealth vs. Kindig*, 2
Pa. 448; 24 Am. & Eng. Encyc. Law 738 ; *Hall vs. Parker*, 37
Mich. 593 ; *State vs. Young*, 23 Minn. 561 ; *Lovejoy vs. Whipple*,
18 Vt. 148 ; *Hilton vs. Houghton*, 35 Me. 143.

Again, if signed in blank, it was simply an offer, which took ·
effect when it was received by David Carrick & Company ; 24 Am.
& Eng. Encyc. Law 566 ; *Quirk vs. Thomas*, 6 Mich. 109.

*Cooper*, for the defendant, replied. If it is to be considered
as an offer, there is no evidence that Alvan R. Morrison was ever
notified of the acceptance. He signed in blank on Sunday and
heard nothing more of the agreement or the guarantee until called
upon to make good the losses caused by Samuel B. Bendler's failure
to account. No liability could therefore attach.

LORE, C. J., (charging the jury.)

Gentlemen of the Jury:   We instruct you to return a verdict in favor of the defendant.

The plaintiff being called by the Prothonotary, failed to answer.

*Cooper*, for the defendant, contended that the plaintiffs were both at the bar of the Court and should not be allowed to sit silent.

The Court considered that it was their privilege to do so, and since they had failed to answer, a *nonsuit* was ordered and the jury discharged.